UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>                Plaintiffs,<br>   v.<br><br>Does 1–20, unknown parties doing business as "Chin Chopa," and the following individuals: Justin Cook, Timothy Rodgers, Sai Parvathareddy, Danielle Lantz, Brandon Wong, Bharath Kumar Gandhe, Berkcan Turkmenoglu, and Mike Ahlert,<br><br>                Defendants. | CASE NO. 2:24-cv-01083-TL<br><br>ORDER ON *EX PARTE* MOTION FOR EXPEDITED DISCOVERY |

     This is an action for damages and injunctive relief stemming from alleged refund fraud. This matter is before the Court on Plaintiffs' *Ex Parte* Motion for Expedited Discovery. Dkt. No. 24. Plaintiffs seek discovery of certain third-party companies to identify additional

individuals operating as "Chin Chopa" on Telegram. *Id.* at 2. Having reviewed the relevant record, the Court GRANTS the motion.

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by [the FRCP], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). To deviate from the standard pretrial schedule, including by seeking expedited third-party discovery prior to a Rule 26(f) conference, the moving party must demonstrate good cause. *See, e.g.*, *Amazon.com, Inc. v. Dafang Haojiafu Hotpot Store*, No. C21-766, 2022 WL 2511742, at *2 (W.D. Wash. June 8, 2022) (finding good cause for third-party discovery to identify defendants); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In evaluating whether good cause exists to permit expedited discovery, courts examine the diligence and intent of the moving party and whether the need for expedited discovery in the administration of justice outweighs the prejudice to the responding party. *See Amazon.com, Inc.*, 2022 WL 2511742, at *1.

Here, for the reasons that follow, the Court finds that Plaintiffs have demonstrated good cause for limited third-party discovery targeted at learning the identities of the individuals operating as Chin Chopa. *See, e.g.*, *Kovalenko v. Does 1 through 5*, No. C22-1578, 2022 WL 17582483, at *3 (W.D. Wash. Dec. 12, 2022) (holding the same); *see also Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) ("[I]n circumstances 'where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642–43 (9th Cir. 1980))).

Plaintiffs have been diligent in trying to identify the individuals behind Chin Chopa. Plaintiffs hired an investigator who conducted an undercover test purchase and paid Chin Chopa

1  using cryptocurrency, as the account requested. *See* Dkt. No. 25 (Ivory declaration) ¶¶ 8–12.

2  Following this purchase, Plaintiffs retained another investigator to analyze the cryptocurrency

3  wallet address, which was ultimately connected to Binance Holdings Limited, a centralized

4  exchange based in the Cayman Islands. *Id.* ¶ 13. Further investigation revealed other

5  cryptocurrency wallets tied to MEXC Global Limited, an exchange based in the Seychelles, and

6  Coinbase, Inc., an exchange based in the United States. *See id.* Plaintiffs have also uncovered

7  Microsoft Outlook email addresses associated with the operators of Chin Chopa. *Id.* ¶ 14.

8  Although Plaintiffs have tried to identify the operators through other methods, they have been

9  unable to do so. *Id.* ¶ 15. Indeed, the operators removed all posts from their Telegram channels

10 on the day this action was filed, and messaged Plaintiffs the next day to confirm that they had

11 deleted their channels and ceased operations. *See* Dkt. No. 24 at 3–4.

12       The other factors also support expedited discovery in this matter. "Courts routinely allow

13 early discovery for the limited purpose of identifying defendants on whom process could not

14 otherwise be served," which is precisely Plaintiffs' intent here. *Amazon.com, Inc.*, 2022 WL

15 2511742, at *2. "Good cause exists where, as here, a plaintiff has exhausted its means to identify

16 the defendant through publicly [ ] available information and has no other way to identify the bad

17 actors involved in the scheme." *Id.* (citing *Facebook, Inc. v. Various, Inc.*, No. C11-1805, 2011

18 WL 2437433, at *3 (N.D. Cal. June 17, 2011)). And there is "minimal risk of prejudice to

19 Defendants, where the requested discovery is narrowly tailored to identify and locate Defendants

20 so that they may be properly named and served in this action." *Kovalenko*, 2022 WL 17582483,

21 at *3; *see also Amazon.com, Inc.*, 2022 WL 2511742, at *3 (recognizing discovery directed at

22 non-parties as "not impos[ing] a significant burden upon defendants" (quoting *Renaud v. Gillick*,

23 No. C06-1304, 2007 WL 98465, at *3 (W.D. Wash. Jan. 8, 2007))).

24

Accordingly, Plaintiffs' motion (Dkt. No. 24) is GRANTED. It is hereby ORDERED:

(1) Plaintiffs are GRANTED leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas and submit letters of request on the following companies solely for the purpose of obtaining account information that may help identify Defendants:

    a. Microsoft Corporation

    b. Coinbase, Inc.

    c. Binance Holdings Limited

    d. MEXC Global Limited

(2) To the extent Plaintiffs discover new information warranting additional Rule 45 subpoenas or letters of request, they may file a supplemental motion for expedited discovery with information supporting their requests.

Dated this 26th day of November 2024.

Tana Lin
United States District Judge